UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAD ZIEGLER,

    Petitioner,

 v.              Case No. 07-C-475

PAM WALLACE,

    Respondent.

**ORDER**

  On May 23, 2007, Chad Ziegler filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Fond du Lac County Circuit Court of burglary and was sentenced to 10 and one-half years imprisonment. He is currently incarcerated at Stanley Correctional Institution.

  I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

  Petitioner alleges the trial court erred in sentencing him to consecutive, rather than concurrent, sentences. He asserts that the court took a "mechanistic" approach to sentencing that

it did not fully articulate; for relief, he wants his sentences imposed concurrently like those of his co-conspirators.

Habeas relief under § 2254 is available only if the petitioner's sentence was imposed in violation of the Constitution or federal law. 28 U.S.C. § 2254(a). The petition and court of appeals decision, which petitioner also filed, are limited to issues regarding the trial court's articulation of the reasons for the sentences it imposed. As the court of appeals recognized, rules governing sentencing factors and the sentencing court's articulation of those factors are solely matters of state law. Thus, to the extent the petitioner is claiming that the state court made an error of state law in imposing his sentence, his claim is not cognizable in this federal habeas proceeding.

For the sake of completeness, I note that the imposition of concurrent sentences can implicate federal habeas issues if the sentences violate the Constitution's Double Jeopardy Clause: a court cannot impose two sentences on the same defendant for the same crime. U.S. Const. amend. V ("No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb. . . .") But this protection is a "limited one, for the Double Jeopardy Clause does not preclude the imposition of multiple punishments for the same offense, so long as the legislature has authorized cumulative punishment." *McCloud v. Deppisch,* 409 F.3d 869, 873 (7th Cir. 2005). In the § 2254 context, therefore, a Double Jeopardy claim is quite limited: the petitioner cannot argue that the state court erred in concluding that his crimes allowed cumulative punishments, because that is a matter of state law. *Id.* ("Although McCloud maintains that the state court erred in concluding that the two offenses were not the same, that conclusion is solely one of state law, and we have no power to review that conclusion.") Instead, the petitioner may only argue that the state court violated the

2

Double Jeopardy Clause by imposing multiple sentences when the state legislature has not authorized cumulative punishment.

That said, petitioner does not suggest that his crimes were not punishable cumulatively – he merely asserts that the sentencing judge failed to articulate why he chose to impose the sentences consecutively. Thus, the petition raises no constitutional issue subject to § 2254 review. Indeed, the fact that the petition does not raise a Double Jeopardy argument is not surprising. As the court of appeals noted, petitioner was on a virtual crime spree prior to his arrest and was charged with numerous offenses. The sentencing court imposed a separate sentence for each of the three burglary charges, with each sentence escalating in severity. The first burglary warranted three years, the second received three and one-half years, and the third burglary count resulted in a four year sentence. (Nevertheless, the court's sentence was substantially lower than what the prosecution had sought or what the PSI had recommended.) These sentences were imposed for distinct criminal acts; as such, there is no plausible argument that the sentences violate the Double Jeopardy Clause. Accordingly, the petition will be dismissed for failure to state a claim under the Constitution or federal law.

**THEREFORE, IT IS ORDERED** that this petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Dated this   29th   day of May, 2007.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge

3

Case 1:07-cv-00475-WCG   Filed 05/30/07   Page 3 of 3   Document 2